[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The couple were married on September 6, 1980, and there are two minor children: Kristopher Ryan, born June 4, 1982, and Leigh Morgan, born April 24, 1984.
Up until January of this year, the defendant was employed at the Southern New England Egg Farm, an agribusiness, where he earned as much as $50,000.00 per year. The wife has basically cared for the children and has few marketable skills. She has been performing day care services on a limited basis. The husband was terminated in January, 1990 and is presently receiving unemployment compensation.
The parties have been separated since March of 1989. The wife claims trouble started in 1982, with what the Court perceives to be minor misunderstandings. Gradually, verbal abuse followed, especially in front of the children. Their sexual relationship ended in effect in 1987, and the wife began seeing another man in 1988. The husband complained that the wife spent money without his knowledge and claims that her recent relationship was the cause of the breakdown. Having heard the parties on the stand, the Court is of the opinion that the primary fault for the breakdown must lie with the husband. The Court finds that there is an irretrievable breakdown of the marriage with no hope of reconciliation. A decree of dissolution may enter.
The following orders may enter in accordance with CT Page 1551 the pertinent statutes regarding support and property:
1. Joint custody of the children is awarded to both parents, with primary residence with the mother and reasonable visitation to the father, including but not limited to every other Sunday from 9:00 a.m. to 6:00 p. m. Each party shall give reasonable notice to the other of intent to remove from New London County.
2. The wife has conclusively waived her claim to alimony and none is awarded to either party.
3. Pursuant to the guidelines, the husband is ordered to pay support in the amount of $55.44 per week per child.
4. The premises at 10 Fort Rachel Place in Mystic are ordered sold. The plaintiff's appraiser has found the value to be $145,000.00 as of December, 1989. The defendant's appraiser set the value at $187,000.00. The Court finds the value of the premises to be $150,000.00.
The house was purchased in March, 1983 for $63,500.00 with a mortgage of $51,900.00. A loan of a portion of the down payment in the amount of $7,000.00 was received from the husband's parents was required. Structural improvements — e.g., windows, deck, etc. — were made jointly by husband and wife's father. The mortgage was increased by $16,000.00 in 1987 with the proceeds being used for such improvements.
The net proceeds of sale shall be divided 60 percent to the wife and 40 percent to the husband. Husband shall hold life harmless of any liability for federal and state capital gains tax. Husband shall retain his interest in his 10K account.
5. The plaintiff shall be allowed to claim the younger child as an IRS exemption.
6. The defendant shall maintain his present life insurance with the children named as irrevocable beneficiaries until the younger shall reach her eighteenth birthday. Defendant shall provide assurance to the plaintiff that such insurance is in full force and effect upon request by the plaintiff.
7. The defendant shall provide medical insurance for the children at his cost for Blue Cross/Blue Shield or equivalent. Unreimbursed medical bills including orthodontic, CT Page 1552 ophthalmological and counselling shall be borne equally by the parties.
8. Each party shall retain the automobile in his possession and shall hold each other harmless on the loans on such vehicles. Other personal property shall be divided equally between the parties with the wife to have possession of the personal property of the children.
9. Each party shall pay the debts on their respective affidavits, except the defendant shall pay the Visa bill of $2,000.00 and $300.00 in doctor's bills as shown on the plaintiff's financial affidavit.
10. No counsel fees are awarded. See Koizim v. Koizim, 181 Conn. 492.
In making the above orders, the Court has considered the provisions of the statutes relating to child support and property division.
Judgment may enter accordingly.
BURNS, J.